LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
Nicholas J. Bontrager, Esq. (SBN: 252114)
nbontrager@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

*Attorneys for Plaintiff*






KAW

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SCOTT KAUFMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br>Plaintiff,<br>v.<br>**GREAT LAKES HIGHER EDUCATION CORPORATION, GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION, AND GREAT LAKES EDUCATIONAL LOAN SERVICES, INC.,**<br>Defendants. | **CV Case No.: 13 3474**<br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. SCOTT KAUFMAN ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of GREAT LAKES HIGHER

EDUCATION CORPORATION, GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION, and GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., and related entities, subsidiaries and agents ("Defendants") in willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.

2. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendants, related corporate entities with a principal place of business and incorporated in the State of Wisconsin. Plaintiff also seeks the greater of statutory damages of $5,000 per violation or three

times actual damages per violation pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant does business within the State of California and Plaintiff resides within this judicial district.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California.

6. Plaintiff is informed and believes, and thereon alleges, that Defendants are, and at all times mentioned herein was, related corporations whose principal place of business and State of incorporation is Wisconsin. Defendants have a policy and practice of recording telephone conversations with the public, including California residents. Defendants' employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

## FACTUAL ALLEGATIONS

7. Defendants are, and at all times mentioned herein were, corporations. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, Defendants

were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of that agency and employment.

8. At all times relevant, Plaintiff was an individual residing within the State of California.

9. Plaintiff is informed and believes, and thereon alleges, that Defendants regularly conduct business in the State of California; and make and receive hundreds if not thousands of calls into and from California every week.

10. Since April of 2013, and likely before this time due to the length of the relationship between Plaintiff and Defendants, Plaintiff received several telephone calls from employees, officers and/or agents of Defendants concerning students loans that Plaintiff had consolidated with Defendants. Plaintiff is informed and believes, and thereon alleges, that Defendants record all telephonic conservations without any disclosure/s and/or warning/s and/or obtaining consent from California consumers, including Plaintiff.

11. Specifically, on or about April 17, 2013, Plaintiff received a telephone call from Defendants on his cellular telephone. Defendant did not initially advise Plaintiff that the telephone call would be recorded at the onset of the call. After speaking with an agent of Defendant for a period of approximately four (4) minutes, including discussions of Plaintiff's personal financial matters and status of Plaintiff's student loans with Defendants, Defendants for the first time notified Plaintiff that the conversation was being recorded.

12. In response to this surprising notification, Plaintiff advised Defendants that he did not wish for the call to be recorded, thereby instructing Defendants to cease recording the telephonic conversation.

13. Defendants, however, did not immediately cease recording the call. Instead, Defendants proceeded to continue recording the call and informed Plaintiff of the reason and/or basis that Defendants record all such calls.

14. Plaintiff again advised Defendants that he did not wish for the call to be recorded, thereby instructing Defendants for a second time to cease recording the telephonic conversation.

15. Defendants, however, continued to record the telephonic conversation and again advised Plaintiff as to the reason/basis that Defendant insisted that all such calls be recorded.

16. Plaintiff again advised Defendants for a third time that he did not wish to be recorded. At this time, Defendants terminated the call.

17. During the April 17, 2013 telephone conversation with Defendants, Plaintiff discussed highly personal and private financial information that Plaintiff had not openly discussed with others.

18. Plaintiff had no reasonable expectation that Plaintiff's mobile telephone conversation with Defendants would be recorded due to the private subject matter being discussed.

19. Further, Plaintiff had no reasonable expectation that Plaintiff's mobile telephone conversation with Defendants would be recorded due to the fact that Defendants did not advise Plaintiff at the onset of the call that the conversation was being recorded.

20. Plaintiff found Defendants' clandestine recording to be highly offensive due to the delicacy of the topics discussed during said conversations.

21. The April 17, 2013 conversation with Plaintiff, was without Plaintiff's knowledge or consent, recorded by Defendants, causing harm and damage to Plaintiff. Prior to Plaintiff's disclosure of personal and private information, Plaintiff was never informed that Plaintiff's telephone calls

were being recorded. At no time during these calls did Plaintiff give consent for the telephone calls to be recorded.

22. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendants have had a policy and a practice of recording telephone conversations with consumers. Defendants' employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiff and other California residents.

23. Plaintiff is informed and believes, and thereon alleges that from the beginning of 2012 to the present, Defendants have installed and/or caused to be installed certain recording equipment in its employees' or agents' telephone lines. Defendants use these devices to record each and every telephone conversation on said telephone lines.

24. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendants have had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

25. Defendants' conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq*.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("The Class").

27. Plaintiff represents, and is a member of, "The Class" defined as follows: "All persons in California whose inbound or outbound cellular telephone conversations were recorded without their consent by Defendants within one year prior to the filing of the original Complaint in this action."

28. Defendants, their employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believe this number to be in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

29. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

30. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records.

31. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

a. Whether Defendants have a policy of recording ingoing or outgoing calls initiated to or by a cellular telephone;

b. Whether Defendants disclose to callers and/or obtain their consent that their ingoing or outgoing telephone conversations were being recorded;

c. Whether Defendants' policy of recording ingoing or outgoing calls constituted a violation of California Penal Code § 632.7;

d. Whether Plaintiff, The Class were damaged thereby, and the extent of damages for such violations; and

e. Whether Defendants should be enjoined from engaging in such conduct in the future.

32. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation pursuant to California Penal Code § 632.7.

33. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

34. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

35. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an

individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36. Defendants have acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION
## INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7
## [BY PLAINTIFF AND THE CLASS MEMBERS AGAINST ALL DEFENDANTS]

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

39. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or a cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

40. Defendants caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendants.

41. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every ingoing and outgoing telephone conversation over said telephone lines.

42. Said recording equipment was used to record the cellular telephone conversations of Plaintiff and the members of The Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

43. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

44. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, The Class members the following relief against Defendants:

45. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

46. For $5,000 per violation of California Penal Code § 632.7 for Plaintiff and each member of The Class;

47. Injunctive relief in the form of an order requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiff, The Class and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

48. That the Court preliminarily and permanently enjoin Defendants from recording each and every oncoming and outgoing telephone conversation with California residents, including Plaintiff and The Class without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;

49. For exemplary or punitive damages;

50. For costs of suit;

51. For prejudgment interest at the legal rate; and

52. For such further relief as this Court deems necessary, just, and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: July 2, 2013

Law Offices of Todd M. Friedman, P.C.

By: ______________________
Todd M. Friedman, Esq.
Attorney for Plaintiff